# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO HAWKINS,<br><br>Defendant. | Case No. 1:23-cr-00115-ADA-BAM-7<br><br>ORDER REQUIRING COUNSEL TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO APPEAR<br><br>(ECF No. 181)<br><br>**THREE DAY DEADLINE** |

Pursuant to the parties' stipulation entered on September 18, 2023, an arraignment on the superseding indictment in this action was held on September 27, 2023, at 2:00 p.m., in Courtroom 9. (See ECF Nos. 180, 181.)  At the arraignment hearing held on September 27, 2023, Defendant Alejandro Hawkins did not appear, and a warrant was issued for his arrest. Defendants' counsel, Douglas C. Foster, did not make an appearance.

The court possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).  The court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). There is an arsenal of sanctions that a judge can impose to address an attorney's behavior, including monetary sanctions, contempt, and disqualification of counsel and removing counsel as

a member of the Eastern District of California.  <u>Erickson v. Newmar Corp.</u>, 87 F.3d 298, 303 (9th Cir. 1996).

Accordingly, within **three (3) days of entry of this order**, counsel Douglas C. Foster is ORDERED TO SHOW CAUSE in writing, why sanctions should not be issued against him for the failure to appear at the arraignment hearing held on September 27, 2023.

IT IS SO ORDERED.

Dated:   **September 27, 2023**

UNITED STATES MAGISTRATE JUDGE

2